**BIRMINGHAM ASSOCIATES LTD., Plaintiff–Appellant,**

v.

**ABBOTT LABORATORIES, Defendant–Appellee.**

No. 08–1976–cv.

United States Court of Appeals, Second Circuit.

May 27, 2009.

Daniel C. Malone, Dechert LLP, New York, N.Y. (Robert A. Cohen, Dechert LLP, New York, NY; and Nory Miller, Dechert LLP, Philadelphia, PA, on the brief), for appellant.

Nicolas Commandeur (William F. Cavanaugh, on the brief), Patterson Belknap Webb & Tyler LLP, New York, NY, for appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, and Hon. JANE A. RESTANI, Judge.*

## SUMMARY ORDER

Plaintiff-appellant Birmingham Associates Ltd. ("Birmingham") appeals a judgment compelling arbitration and dismissing the case. We review *de novo* a district court's decision to compel arbitration. *Cap Gemini Ernst & Young, U.S., L.L.C. v. Nackel,* 346 F.3d 360, 364 (2d Cir.2003). In doing so, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

Birmingham, along with other investors, had entered into a Funding Agreement with Abbott Laboratories Vascular Enterprises Limited ("ALVE"), an indirect, wholly-owned subsidiary of Abbott Laboratories ("Abbott"), concerning the development and commercialization of the Zo-Maxx Stent. Birmingham argues that the district court erred in applying the estoppel theory to permit Abbott, a non-signatory to the Funding Agreement, to compel Birmingham to arbitrate a breach of contract claim brought against Abbott under section 2(b) of a separate "Keep Well Agreement." Specifically, Birmingham asserts that the Keep Well Agreement, by its terms, gave it the right to sue in court for any breach, and the breach claim was not intertwined with the Funding Agreement so as to warrant estoppel.

With respect to Birmingham's first argument, we recognize that section 2(b) of the Keep Well Agreement does permit Birmingham, as an intended beneficiary of that agreement, to "prosecute[ ]" an "action or actions" against Abbott. Even if we construe that language to imply recourse to a judicial forum, the provision does not necessarily preclude the application of estoppel. That equitable doctrine has been applied "where a careful review of the relationship among the parties, the contracts they signed ..., and the issues that had arisen among them discloses that the issues the nonsignatory is seeking to resolve in arbitration are intertwined with the agreement that the estopped party has signed." *JLM Indus., Inc. v. Stolt-Nielsen S.A.,* 387 F.3d 163, 177 (2d Cir.2004) (internal quotation marks omitted).

Based on our independent review of Birmingham's allegations and the parties' respective obligations under the two agree-

* The Honorable Jane A. Restani, Chief Judge of the United States Court of International Trade, sitting by designation.

44

ments, we conclude that Birmingham's breach of contract claim against Abbott is inextricably intertwined with the Funding Agreement and that the district court thus properly compelled arbitration.

Birmingham charges Abbott with breach of contract under section 1(c) of the Keep Well Agreement. That section obligates Abbott to "use Commercially Reasonable Efforts to further the commercial interests and success of ALVE." While Birmingham alleges that Abbott failed to meet this obligation because it terminated the Zo-Maxx Stent Development Program "without regard for and in derogation of the interests of ALVE, Birmingham, and the other Investors," Appellant's Br. at 39, Abbott asserts that its decision was permitted under the termination provision of the Funding Agreement. Article 2, paragraph 10.3 of the Funding Agreement permits "ALVE, based upon its reasonable commercial judgment ... to terminate" the Development Program. While this provision assigns the termination decision only to ALVE, paragraph 2.2 permits ALVE to "subcontract or outsource to [Abbott] any portion of the Development Program." This broad delegation language could be construed to allow ALVE to entrust to Abbott the determination of when reasonable commercial judgment warranted termination of the stent development program. *See Consub Del. LLC v. Schahin Engenharia Limitada,* 543 F.3d 104, 113 (2d Cir.2008) ("The primary objective of a court in interpreting a contract is to give effect to the intent of the parties as revealed by the language of their agreement." (internal quotation marks omitted)). Indeed, Abbott claimed, and Birmingham never disputed, that Abbott assumed ALVE's significant responsibilities under the Funding Agreement, such as making

milestone payments to the Investors and updating the Investors on the status of the Development Program. Hence, Birmingham's breach of contract claim is necessarily intertwined with the interpretation and application of paragraphs 2.2 and 10.3 of the Funding Agreement, under which Abbott may defend its challenged action. *See Choctaw Generation Ltd. v. Am. Home Assurance Co.,* 271 F.3d 403, 407, 409 (2d Cir.2001) (permitting non-signatory to contract containing arbitration provision to compel arbitration under estoppel theory where parties' dispute "turn[ed] upon many of the same provisions" of that contract). Under these circumstances, we identify no error in the district court's application of the estoppel theory to compel arbitration.

Accordingly, we AFFIRM the order of the district court.